M. Anderson Berry (SBN 262879)
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916)777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com

*Attorneys for Plaintiffs and the Proposed Classes*

# THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

MYRON SCHELLHORN, RODNEY ALLEN, TEDDA ALLEN, LAUREN WATERS, JEFF HARRINGTON, AND DAVID THOMPSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

Plaintiffs,

vs.

TIMIOS, INC.,

　　　　　Defendant.

Case No.: 2:21-cv-08661-VAP-JC

**DECLARATION OF M. ANDERSON BERRY IN SUPPORT OF THE PARTIES JOINT APPLICATION FOR LEAVE TO FILE DOCKET NO. 20 AND 20.1 UNDER SEAL PURSUANT TO C.D. CAL. CIV. LOCAL RULE 79-5.2.2**

**JUDGE:　　HON. VIRGINIA A. PHILLIPS**

　　　I, M. Anderson Berry, pursuant to section 1746 of title 28 of the United States Code, declare as follows:

　　　1.　　M. Anderson Berry is the head of the complex litigation group at Clayeo C. Arnold, A Professional Law Corporation (the "Arnold Law Firm"), one of the firms representing Plaintiffs. Mr. Berry submits this declaration in support of the Parties Joint Application for Leave to File Under Seal Pursuant to C.D. Cal. Civ. Local Rule 79-5.2.2. Mr. Berry makes this declaration based on his own personal knowledge, and if called to do so, could and would testify to the matters

1    contained herein.

2        2.      I respectfully request this Court approve the Parties' request to seal in

3    its entirety Docket Entry No. 20 (ECF No. 20) and the attached Docket Entry No.

4    20.1 (ECF No. 20.1), submitted in support of the Parties Request to Seal Exhibit 1

5    to the forthcoming Motion for Preliminary Approval (ECF No. 19).

6        3.      Pursuant to our reading of C.D. Cal. Civ. Local Rule 79.5.2.2(a) the

7    Parties filed an Application for Leave to Seal Pursuant to C.D. Cal. Civ. Local Rule

8    79.5.2.2 along with a proposed order and a redacted copy of the document which

9    was proposed to be sealed on March 31, 2022. (ECF Nos. 19, 19.1, and 19.2).

10       4.      Additionally, also pursuant to our reading of C.D. Cal. Civ. Local Rule

11   79.5.2.2(a), the parties filed the Declaration of M. Anderson Berry in support of the

12   Joint Application for Leave to Seal Pursuant to C.D. Cal. Civ. Local Rule 79.5.2.2,

13   together with the unredacted copy of the document which was proposed to be sealed

14   on March 31, 2022. (ECF. Nos. 20 and 20.1).

15       5.      ECF Nos. 20 and 20.1 were filed under seal pursuant to our reading of

16   C.D. Cal. Civ. Local Rule 79.5.2.2(a) which states, in relevant part, "[t]he

17   declaration and the unredacted version of any document proposed for sealing will

18   be closed to public inspection, but the redacted versions of those documents, the

19   proposed order, and the docket entry text will be publicly viewable."

20       6.      Attached as Exhibit 1 to this declaration is the Notice of Electronic

21   Filing for ECF. No. 20 stating that it was an "Under Seal Filing."

22       7.      Immediately after making such filings I discovered that the

23   documents that we believed we were filing under seal, ECF Nos. 20 and 20.1

24   were, in fact, available to the public.

25       8.      My office immediately notified the Court, via e-mail and telephone,

26   that this had occurred and requested that the Court please help us correct what was

27   believed to be an error on the part of the software.

28       9.      Instead, the Court's Courtroom Deputy has informed me that I

     mistakenly did not follow the proper procedure to have the documents found at

ECF Nos. 20 and 20.1 sealed while the Court considered the parties Joint Application for Leave to Seal Pursuant to C.D. Cal. Civ. Local Rule 79.5.2.2, and that we would have to make a separate application to have ECF Nos. 20 and 20.1 sealed.

10.     The Courtroom Deputy sealed ECF Nos. 20 and 20.1, and allowed me to correct my mistake by this filing.

11.     I make this declaration in support of and filed concurrently with said application and an associated proposed order.

12.     Good cause exists to grant said application as the documents seeking to be sealed, ECF Nos. 20 and 20.1, are submitted in support of and in association with an Application for Leave to File Under Seal Pursuant to C.D. Cal. Civ. Local Rule 79.5.2.2 which states, in relevant part, that such documents, the Declaration in support of such an application, and the "unredacted version of any document proposed for sealing" are to be "closed to public inspection."

13.     Additionally, protection here is necessary. Public disclosure of the confidential security enhancement information in ECF No. 20.1 would cause Timios and others, including Plaintiffs and putative Settlement Class Members, significant harm as it would disclose the various measures Timios has implemented and has agreed to implement to protect the sensitive personal identifying information of Plaintiffs and putative Settlement Class Members, as well as that of any member of the general public who will become an employee or client of Timios.

14.     Public Disclosure of the information in ECF No. 20.1 would diminish the very settlement relief that Plaintiffs have negotiated by making the details of Timios's enhanced data security safeguards public. Such disclosure could also newly threaten the sensitive information of Plaintiffs and Settlement Class members.

15. The Parties Joint Application for Leave to File Under Seal Pursuant to C.D. Cal. Civ. Local Rule 79-5.2.2 (ECF No. 19) relates to the substance of the documents contained in ECF Nos. 20 and 20.1.

16. Accordingly, the balance of the "competing interests of the public," on one hand and the Parties' joint request here to keep ECF Nos. 20 and 20.1 confidential, on the other hand, weighs decidedly in favor of granting the Parties' joint request.

17. The Parties' request is narrowly tailored to safeguard and preserve the confidentiality of the details of only those documents which C.D. Cal. Civ. Local Rule 79.5.2.2 indicates should be closed to public inspection and which contain extremely sensitive information regarding Timios's data security framework.

18. Pursuant to L.R. 79-5.2.2, I have submitted this declaration along with the Joint Application.

19. I respectfully request an Order from the Court approving this Joint Application in its entirety. Pursuant to L.R. 79-5.2.2, the Parties have submitted a proposed order granting this motion to the Chambers.

Executed this 1st day of April 2022, in Sacramento, California.

/s/ M. Anderson Berry
M. Anderson Berry